UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80937-CIV-MARRA/HOPKINS

DAVID RAMNARINE,

    Plaintiff,

vs.

CORAL COVE PLAZA, LLC,
LAKEWORTH LLC,
and LOUISE GOUSSIS d/b/a
SKORPIOS

    Defendants,
_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant Louise Goussis' ("Goussis")[1] Motion to Dismiss (DE 9).  The motion is now fully briefed and is ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

**I. Background**

This matter arises out alleged violations of the Americans with Disability Act, 42 U.S.C. § 12181, *et seq.* ("ADA").  Through his Complaint (DE 1), Plaintiff asserts that he was unable to access Skorpios, a restaurant owned by Defendant Goussis located in a shopping center owned and operated by Defendant Coral Cove, LLC ("Coral Cove") and Defendant Lakeworth, LLC ("Lakeworth").  The Complaint identifies 18 specific violations of the ADA, Complaint at ¶ 13, and seeks injunctive relief against Coral Cove and Lakeworth (Count I) and injunctive relief against Goussis (Count II).  Complaint at ¶¶ 12-25.  All three defendants have filed motions to

---

[1] The Court notes that Defendant Goussis is proceeding *pro se*.

dismiss, but this order only addresses the motion filed by Goussis.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. Discussion

Through her Motion to Dismiss, Defendant Goussis makes two separate assertions: (1) all exterior violations are the responsibility of the other two Defendants; and (2) all interior violations have been "reviewed and corrections have been made to meet all ADA requirements."

Motion to Dismiss at 1.  The first assertion relies on an extrajudicial agreement between Defendant Goussis and Defendants Cove Plaza and Lakeworth.  Such an agreement is outside the four corners of the Complaint and thus cannot be taken into consideration at the dismissal phase.  The second assertion challenges the merits of the Complaint.  In reviewing a motion to dismiss, however, the Court must assume all allegations in the Complaint are true.  Defendant Goussis is free to raise these same arguments at the summary judgment stage or at trial, but the Court cannot consider them at this stage of the litigation.

## IV.  Conclusion

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Goussis' Motion to Dismiss (DE 9) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of February, 2012.

_____

KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record