UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80937-CIV-MARRA/HOPKINS

DAVID RAMNARINE,

    Plaintiff,

vs.

CORAL COVE PLAZA, LLC,
LAKEWORTH LLC,
and LOUISE GOUSSIS d/b/a
SKORPIOS

    Defendants,
_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendants Coral Cove Plaza, LLC ("Coral Cove") and Lakeworth, LLC's ("Lake Worth") Motion to Dismiss (DE 15). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

**I. Background**

This matter arises out alleged violations of the Americans with Disability Act, 42 U.S.C. § 12181, *et seq.* ("ADA"). Through his Complaint (DE 1), Plaintiff asserts that he was unable to access Skorpios, a restaurant owned by Defendant Goussis located in a shopping center owned and operated by Defendant Coral Cove, LLC ("Coral Cove") and Defendant Lakeworth, LLC ("Lakeworth"). The Complaint identifies 18 specific violations of the ADA, Complaint at ¶ 13, and seeks injunctive relief against Coral Cove and Lakeworth (Count I) and injunctive relief against Goussis (Count II). Complaint at ¶¶ 12-25. All three defendants have filed motions to

dismiss, but this order only addresses the motion filed by Defendants Coral Cove and Lakeworth.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III.  Discussion

"A plaintiff must demonstrate three things to establish standing under Article III.  First, he must show that he has suffered an 'injury-in-fact.'  Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).  Second, the plaintiff must demonstrate a causal connection between the asserted

injury-in-fact and the challenged action of the defendant.  Id. at 560.  Third, the plaintiff must show that 'the injury will be redressed by a favorable decision.'  Id. at 561."  Shotz v. Cates, 256 F.3d 1077 (11th Cir. 2001).

Through their Motion to Dismiss, Defendants claim that Plaintiff lacks standing to bring this action, asserting that: (1) it is difficult to discern which specific portion of the strip shopping center Plaintiff sought to access; and (2) Plaintiff has failed to plead the causal relationship between the injury and the challenged conduct.

With regard to Plaintiff's first assertion, the Court finds that the Complaint gives Defendants "fair notice of what the plaintiff's claim is and the ground upon which it rests." F.R.C.P. 8(a).  Defendants assert that after reading the Complaint it is "difficult to discern whether Plaintiff . . . attempted access to just the Greek restaurant, some or all of the shops and/or the out-parcel and was denied access to the outparcel, the strip shopping center, and some or all of the shops contained therein."  Motion at p. 15.  Even if true, paragraph 13 of the Complaint alleges 18 specific violations of the ADA, clearly laying out Plaintiff's case for Defendants.  The fact that the Complaint may not identify the exact business Plaintiff may have been attempting to access on the date in question does not warrant dismissal.

Second, Defendants' assertion that Plaintiff has failed to allege the causal relationship between the injury and the challenged conduct is equally without merit.  In paragraphs 9, 10, and 11 of the Complaint, Plaintiff alleges that he attempted to access the property in question (¶ 9), that he physically could not access the property (¶ 9), and that he intends to visit the property again in the near future (¶ 10).  Further, paragraph 13 outlines 18 specific violations of the ADA that are pled with sufficient clarity.  The Court finds that Plaintiff has afforded Defendants ample notice of their Case and satisfies the pleading requirements as articulated in Twombly and Iqbal.

## IV. Conclusion

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants Coral Cove and Lakeworth's Motion to Dismiss (DE 15) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of February, 2012.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record